### JACOB HUDDLE v. THOMAS WORTHINGTON.

*Condition—Covenant.*

A declaration in a covenant, founded on the condition of a bond containing: no express agreement, is bad.

THIS was an action of covenant.  The declaration contained a single count, as follows: " For that, whereas, by a certain writing obligatory, commonly called a title bond, executed, etc., in the usual form, it was concluded and agreed, on the part of the defendant, in manner following, to wit: the defendant by the same writing obligatory did covenant, promise, grant, and agree to, and with the plaintiff and his heirs, that the said defendant should and would, on or before the 20th day of August next ensuing the date of said bond, by a good and sufficient general warranty deed in fee *simple, convey unto the said plaintiff or his heirs a certain  [424 tract of land, etc., alleging a breach for non-conveyance.

The defendant craved oyer of the bond, the penal part of which was in the usual form for the payment of a sum of money ; he also craved oyer of the condition, which was in the following words: "The condition of the above obligation is such that if the above-bound T. Worthington shall convey, by a good and sufficient gen--

-eral warranty deed, in fee simple, on or before the 20th day of August next after the date hereof, to the said Jacob Huddle or his heirs, a certain tract of land, etc., then this obligation to be void," etc. Upon this the defendant demurred to the declaration, and the decision was adjourned to this court by the supreme court sitting in Ross county.

CREIGHTON and BOND, for the plaintiff:

We suppose that both the principle that an action of covenant lies upon the condition of a bond like this, and the mode of declaring which we have adopted, rest upon the authority of adjudged cases.

The case of Ward v. Johnston, 1 Mun. 45, was an action of covenant upon the condition of a bond to convey land. That condition differs in nothing from this, except it contains a recital that land had been sold. The declaration was upon the condition alone, reciting that the covenant was made under a penalty. And here we say that the covenant was made in a title bond, which is substantially the same.

The case referred to was much litigated. In the court of appeals Mr. Wickham made the same objection taken here, but cited no authority in support of it. In reply Mr. Wirt cited 6 Viner, 376, p. 4, as being full in point to support the action. The judges gave their opinions *seriatim*, and no notice whatever is taken of the point that covenant would not lie upon the condition. The decision is that the action was well conceived, which could not be if this point was well taken.

Kennedy v. Kennedy, 2 Bibb, 264, is also a case of covenant brought upon a penal bond conditioned for the conveyance of land. The exact mode in which it is declared upon is not stated. But the 425] action is sustained expressly by the *court upon the ground that the condition setting forth that land is to be conveyed contains the agreement of the parties, and therefore amounts to a covenant, and the court refer to and adopt the doctrine of Lord Mansfield, 2 Burr. 826, that " *the condition of a bond is an agreement in writing.*"

The case of Dougherty v. Llewellen and Stewart, 3 Bibb, 364, is distinctly stated by the court to be " *a suit in covenant brought upon the conditions,*" and they also state the first question made, to be, " *can an action of covenant be maintained on condition of the bond.*"

They decide that it can be so sustained, and there is nothing that we can perceive to distinguish that case from this.

LEONARD, for the defendant:

In support of their mode of declaring, the plaintiff's counsel have cited several authorities, and in one case have referred to the argument of Mr. Wickham. We also refer to that argument; and it will be seen that he lays down the law as it is laid down in Comyn's Digest, Covenant, A. 2, that covenant lies on a deed wherever there is an express agreement, or one is distinctly implied by the terms used in it.

On a bond to pay money to be defeated by the performance of a condition, debt or covenant will lie on the penalty. At common law the party had his election to pay the penalty or to perform the condition. At common law he is not considered as stipulating to perform the condition, but as agreeing to pay the penalty, with the liberty of saving himself therefrom by performing the condition. It is in fact an alternative agreement. Courts of equity, however, interfered both to relieve the party from the payment of the penalty, as also to enforce the specific performance of the agreement contained in the condition. This, the courts of law strenuously resisted, and Lord Coke, I think, particularly distinguished himself in the contest. The court of equity considered the construction put on penal bonds as narrow. But both the courts of law and equity adhered to their respective constructions. Where, therefore, Lord Mansfield says the condition of a bond is an agreement, he means it is so considered by courts of equity, and so he expresses himself directly afterward. If an action of covenant may be brought directly on the condition, in what *light is [426 the penalty to be viewed? What is the amount of damages the jury may assess? Strictly they should assess the damages sustained; suppose they exceed the penalty, are the jury to be restrained to that amount? They may find less, why not more? The penalty is not the stipulated damage in case of a failure to comply with the condition. As the condition alone, and without aid of the penal part of the bond, comprises an agreement, and the action is brought directly thereupon, for not complying with that agreement, I see no reason why we should not go further, and say the jury must assess the damages really sustained, without any limitation on account of the sum mentioned in the penalty.

Where a party enters into covenants to perform certain acts, and in the agreement there is also comprised a stipulation that in case of failure therein a certain penalty shall be paid, an action of covenant lies upon the covenants, and the amount to be recovered therein is by no means limited by the penalty, or an action of debt may be brought on the penalty, and the amount thereof only recovered. In such an article of agreement there are covenants to do certain things, for the breach of which damages without stint may be assessed by the jury; as there is also a penalty imposed on the party which may likewise be foundation of an action of debt on failure to comply with the covenants in the article. Look, then, at the case of a bond made by several, the one as principal, and the others as sureties, with the collateral condition that the principal should build a house, go to Rome, or convey a tract of land. If this condition comprises an agreement at law, an action of covenant might be sustained thereon, against the principal, for omitting to do these several acts, as likewise against the sureties for the breach of the covenant on their part, made that the principal should perform them. Thus the sheriff and his sureties would all be liable, in an action of covenant, for the sheriff's neglect in discharging his official duties. For most assuredly if there is an agreement, on the part of the sheriff in the condition of his bond, to discharge these duties, there is also an agreement on the part of the sureties to the effect that the sheriff shall not neglect them; and thus sureties might be held beyond the stipulated penalty of the bond, and so the matter is viewed in the case cited from 1 **427]** Munf. 54. *"Although I admit an action of covenant will lie on the penalty of the bond where the obligor binds or obliges himself to pay the same, or in any way stipulates that he will pay the penalty, as by saying he is content to pay the same, or otherwise, yet so far am I from admitting that an action of covenant will lie on the condition, that I think, and will cite an authority for my opinion (*vide* Hard. 178), that a bond may be so framed that an action of debt only will lie on the penal part of the bond. Debt is the proper remedy, where there is a debt only, covenant where there is an agreement to pay money. If the obligor *obliges* himself to pay, here is a covenant. If he says that he acknowledges himself indebted, here is no stipulation to pay, here is only an admission of a debt, and that admission liable to be defeated by the performance of the collateral matter stipulated in the condi-

tion ; and this is the substance of what is said by the chief baron in the case last cited from Hardre. Would it not be going far to say that although an action of covenant can not be brought on the penalty, yet it may on the condition, and I am satisfied that the court, if they look at the authorities cited in Comyns' Digest, Covenant A. 2, Action M. 4, and those mentioned in Chitty's Pleadings, 109, Covenant, will come to the conclusion that the sealed acknowledgment of a debt will not support an action of covenant, which will only lie where there is some sealed-engagement to do some certain act, which engagement is not complied with. See the absurdity of such a case as the following: A man covenants to do certain acts by deed, he afterward enters into bond, conditioned to perform the covenants contained in the first deed. An action of covenant might be brought on the covenants contained in the condition of the bond, for not keeping his covenant, to keep his covenants in the first deed, and another action on the first deed for breach of those covenants. Take a bond conditioned that Lafayette should come to America; or that General Jackson should be president. Will an action lie on the condition, an action of breach of covenant, because General Jackson was not elected president, or Lafayette did not come to our country? Was that the understanding of common lawyers anterior to the statute of William? Ah! but that statute has altered the common law. To be sure, but how? By making it compulsory, *on the party, to have. [428 his damages assessed for breaches of the condition, and enabling him to assign more than one breach. Is not that the whole and entire effect of the statute? Does it alter the form of action, or make that a covenant, which was only a condition? Had we not better adhere to the old law as it stood, where there is no reason for alteration, and the more especially, where the alteration would be accompanied with many inconveniences, and would introduce inconsistencies and improprieties into the technical parts of the law? To use an expression of the venerable Judge Reeves, would it not "*mar the symmetry of the law?*"

HAMMOND, in reply:

In all penal bonds, the condition is introduced to set out the real agreement between the parties. It contains the contract. The obligatory, or penal part, is in fact no part of the agreement. It is so treated by courts both of law and equity, unless at law the

pleadings omit to make a case in which the condition can be noticed.

In the present case, the agreement was to convey a tract of land —a bond is given, the condition of which is, that the defendant shall convey to discharge the *obligation*, otherwise it remains in full force. The conveyance is not made, but certainly that does not defeat the contract. The purchaser has a right to the land, founded upon the contract, not to the penalty only. The condition, in all such cases, must include a covenant that the obligor will do what the condition states is to be done. If this covenant be necessarily included in the condition, then an action can be brought upon it.

It is asked, what in such case becomes of the obligation or penal part? By electing to sue upon, and enforce the condition, the obligee waves his right of action for the penalty; and in assessing damages, except against securities, no notice is taken of it. The obligee is not limited against the principal to the amount of money named in the penalty, if his pecuniary loss by the non-performance exceeds that sum. As against securities it is held that they have fixed the amount to which they agree to be liable in the penalty, and can not be charged beyond that amount. Was covenant, in 429] such case, brought against securities, the jury would *be restrained from giving damages beyond the amount of the bond. But the principal stands upon different ground. He is liable to the other party for his actual damages. If these exceed the amount of the condition, a jury may give them, whether covenant " be brought upon the obligatory or penal part of the bond.

Because a case may be supposed, in which covenant can not be brought upon either the obligation or condition of a bond, that fact furnishes no argument against sustaining the action where the terms of the writing admit of a different construction. In this case the condition contains an agreement to convey land. It can receive no other rational interpretation. It is clear, from the whole writing, that the contract was for the sale and conveyance of the land named in the condition. The writing imposes upon Worthington an obligation to convey. He has covenanted to do it. This is the manifest implication; and upon principle, as well as upon the authorities cited, the action is well brought.

436

By the COURT:

We are of opinion, that an action of covenant can not be sus-- tained upon the condition of a bond like this, separated, as it is in the declaration, from the penal or obligatory part of the bond. It might be different, if the entire bond was declared on, as in the case in 1 Munford, stating that the covenant was made under the penalty in the obligatory part specified.

Judgment must be for the defendant.